## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 02-20637 CR-MOORE

CASE NO._____

18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1346
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 371
18 U.S.C. § 2
15 U.S.C. § 78j(b)
17 C.F.R. § 240.10b-5

MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DOUGLAS RASBERRY, ) | |
| a/k/a "Doug Rasberry," ) | |
| MICHAEL VLAHOVIC ) | |
| and ) | |
| LAWRENCE W. GALLO, ) | |
| ) | |
| Defendants. ) | **INDICTMENT** |
| _____ ) | |

The Grand Jury charges that:

## COUNT 1

## CONSPIRACY TO COMMIT WIRE, MAIL AND SECURITIES FRAUD

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      Uncommon Media Group, Inc. ("UMDA") was a Florida corporation with its principal place of business in New York, New York. The common stock of UMDA was publicly traded in the United States on the over-the-counter market. UMDA was purportedly in the business of providing "Crossover Media" solutions and services to traditional advertisers, consumers and suppliers by using a combination of new economy tools, software and real-time Internet interaction.

3/8

2.    UMDA was an over-the-counter bulletin board ("OTCBB") stock with approximately 30 million outstanding shares. The OTCBB is a market for equity securities traded over-the-counter that are neither listed on NASDAQ nor on a primary national securities exchange.

3.    Defendant **DOUGLAS RASBERRY** owned and controlled a significant amount of UMDA stock through offshore corporate nominees.

4.    Defendant **MICHAEL VLAHOVIC** owned and controlled a significant amount of UMDA stock through offshore corporate nominees.

5.    Defendant **LAWRENCE W. GALLO** was Chairman, Chief Executive Officer and Director of UMDA. He was also a significant shareholder of UMDA.

6.    An agent of the Federal Bureau of Investigation, acting in an undercover capacity (the "UCA"), posed as a corrupt securities trader employed by Connelly & Williams Associates, Inc. ("Connelly & Williams"), the United States-based representative of a fictitious foreign mutual fund ("the Fund") that had a number of investors who had invested millions of dollars. In his role as an undercover agent, the UCA claimed that he worked at Connelly & Williams with two due diligence officers whose job was to research and approve which securities the UCA would be allowed to purchase through Connelly & Williams on behalf of the Fund's investors. The UCA also claimed that a purported manager of the Fund was corrupt and had knowledge of the UCA's corrupt activities concerning the Fund.

7.    Two cooperating witnesses (collectively, the "CWs") also assisted in the undercover operation, posing as corrupt stock promoters who presented prospective stock purchase deals to the Fund through the UCA.

## THE CONSPIRACY

8.    From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

2

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**MICHAEL VLAHOVIC**
**and**
**LAWRENCE W. GALLO,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

        a.     wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346;

        b.     mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1346; and

        c.     securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSES AND OBJECTS OF THE CONSPIRACY

9.     It was the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the Fund through paying undisclosed kickbacks to the UCA, CWs, a purported corrupt Fund manager and two purported due diligence officers of Connelly & Williams, in exchange for their causing the Fund to purchase a large amount of overpriced UMDA stock from the defendants. It was also the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the public shareholders of UMDA by artificially affecting the supply and demand for UMDA stock in order to inflate the market price of such stock through illegal means.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects of the conspiracy included, among others, the following:

10.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to pay undisclosed kickbacks to the UCA and others at the Fund to violate their fiduciary obligations by buying a large amount of overpriced UMDA stock from the defendants with the Fund's money.

11.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to pay 45% of the purchase price as an undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund to induce the Fund to purchase approximately $8,000,000 to $10,000,000 of overpriced UMDA stock rather than shares of another company's stock.

12.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to sell approximately 2,000,000 - 2,500,000 shares of UMDA stock at $4.00/share (totaling $8,000,000-$10,000,000) to Connelly & Williams, on behalf of the Fund. At the time, the prevailing market price of UMDA stock was approximately $2.60/share. The source of the UMDA shares was to be various nominee offshore companies controlled by defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC**. The Fund was to purchase these shares in three separate transactions.

13.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to arrange for the UCA, CWs and a purported corrupt manager of the Fund to receive 45% of the $8,000,000 to $10,000,000 in proceeds from the Fund's UMDA stock purchase, representing the agreed to undisclosed kickback portion of the proceeds from the UMDA stock deal.

14.     Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to enlist

4

securities brokers, through the CWs and the UCA, to assist in artificially increasing the market price of UMDA stock by making illegal payments to securities brokers who would recommend and sell shares of UMDA stock to their customers rather than shares of another company's stock.

15.     Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to provide defendant **LAWRENCE W. GALLO** with a portion of their proceeds from the sale of their UMDA shares to the Fund to be used by defendant **LAWRENCE W. GALLO** for UMDA corporate purposes, as well as for his personal benefit.

16.     Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to complete a "test" trade of a smaller amount of UMDA stock in order to get UMDA placed on the Fund's list of stocks approved for purchase, which then would allow the UCA to execute the larger $8,000,000 to $10,000,000 UMDA stock trade at a later date.

17.     As part of this "test" trade, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to sell to the Fund, through a Connelly & Williams securities brokerage account, 7,600 shares of UMDA stock at $2.60/share (totaling $19,760), and send an undisclosed kickback payment of $20,000 to the UCA for further transfer to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

18.     On or about December 12, 2000, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** proposed to the UCA and CWs that the Fund purchase approximately 2,000,000 - 2,500,000 shares of UMDA stock at a total cost of

approximately $8,000,000 to $10,000,000, in exchange for payment of an undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund totaling approximately 45% of the purchase price. Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** also proposed enlisting securities brokers to assist in artificially increasing the market price of UMDA stock by making illegal payments to securities brokers who would recommend and sell shares of UMDA stock to their customers rather than shares of another company's stock.

19.     On or about December 18, 2000, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** proposed to the UCA and CWs that securities brokers commence the manipulation of the market price of UMDA stock prior to the Fund's large purchase of UMDA shares.

20.     On or about January 2, 2001, defendant **DOUGLAS RASBERRY** met with the UCA and CWs to discuss all aspects of the UMDA stock purchase deal by the Fund, including the enlisting of securities brokers who were to artificially affect the supply and demand for UMDA stock in order to inflate the market price of such stock through illegal means.

21.     On or about January 8, 2001, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** placed an international telephone call to the UCA and CWs during which they agreed to send to the UCA and CWs two (2) UMDA stock certificates representing 50,000 shares each to be used to illegally pay off securities brokers for manipulating the market price of UMDA stock.

22.     On or about January 16, 2001, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to perform a "test" trade involving the Fund's purchase of 7,600 shares of UMDA stock at $2.60/share and the subsequent undisclosed kickback payment of $20,000 to the UCA for further transfer to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

6

23.     On or about January 17, 2001, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** wire-transferred $20,000 to a bank account of the UCA which represented the undisclosed kickback payment, in connection with the "test" trade, to be provided to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

24.     On or about January 18, 2001, during an interstate telephone call, defendant **LAWRENCE W. GALLO** discussed with  the UCA and CWs the Fund's purchase of approximately $8,000,000 to $10,000,000 of UMDA stock from defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** in exchange for payment of a 45% undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund. Defendant **LAWRENCE W. GALLO** confirmed his knowledge and approval of this transaction and advised that he had an agreement with defendant **DOUGLAS RASBERRY** pursuant to which defendant **DOUGLAS RASBERRY** was to provide him with a portion of the proceeds from the UMDA stock sale to the Fund to be used by defendant **LAWRENCE B. GALLO** for UMDA corporate purposes, and for his own personal benefit. Defendant **LAWRENCE B. GALLO** agreed to make sure that the undisclosed kickback payment to the UCA was promptly remitted after the Fund's purchase of the UMDA stock.

25.     The wire communications, as set forth in Counts 2  through 6 of this Indictment, the mailing, as set forth in Count 7 of this Indictment, the securities transaction, as set forth in Count 8 of this Indictment, and the money laundering transaction, as set forth in Count 9 of this Indictment, are incorporated herein and realleged as though restated as individual overt acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-6

## WIRE FRAUD

1.  The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.  From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

3.  On or about the dates specified as to each count, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described in each count below:

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|-------|--------------|--------|-------------|-----------------------------------|
| 2 | 1/16/01 | Canada | Boca Raton, Florida | Fax copy of DTC Weekly Security Position Listing for week ending 1/12/01 for UMDA stock |

8

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| 3 | 1/16/01 | Boca Raton, Florida | Canada | Fax copy of UCA's bank account wire transfer instructions |
| 4 | 1/16/01 | Canada | Boca Raton, Florida | Fax copy of defendants' request to wire transfer $20,000 undisclosed kickback to the UCA's bank account |
| 5 | 1/17/01 | Canada | Miami, Florida | Bank wire-transfer of $20,000 "test" trade undisclosed kickback to the UCA's bank account |
| 6 | 1/23/01 | Canada | Boca Raton, Florida | Fax copy of DTC Weekly Security Position Listing for week ending 1/19/01 for UMDA stock |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT 7

## MAIL FRAUD

1.     The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

9

3.      On or about January 12, 2001, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly cause to be delivered to the UCA in Boca Raton, Florida, by private and commercial interstate carrier, that is, FedEx, according to the directions thereon, two (2) stock certificates numbers 1259 and 1260 for 50,000 shares of Uncommon Media Group, Inc. each in the name of "Michael Patterson," the UCA's undercover name.

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT 8

## SECURITIES FRAUD

1.      The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or about November 2000, to in or about January 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is, 7,600 shares of stock in Uncommon Media Group, Inc. (UMDA) to "Connelly & Williams Associates, Inc.," and did (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

## COUNT 9

## MONEY LAUNDERING

## INTERNATIONAL TRANSPORTATION OF MONETARY INSTRUMENTS

1.      The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      On or about January 17, 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds, that is, a $20,000 bank wire-transfer, from a place outside the United States, that is, Canada, to a place in the United States, that is, Miami, Florida, with the intent to promote the carrying on of specified unlawful activity, specifically, wire and mail fraud, in violation of Title 18, United States Code, Sections 1343, 1341 and 1346, and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

11

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
ERIC I. BUSTILLO
ASSISTANT UNITED STATES ATTORNEY

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

CASE NO. 02-20637CR-MOORE

v.

MAGISTRATE JUDGE O'SULLIVAN

**CERTIFICATE OF TRIAL ATTORNEY**

**DOUGLAS RASBERRY, et al.,**

_____/

**Superseding Case Information:**

New Defendant(s)        Yes _____        No _____
Number of New Defendants _____
Total number of counts _____

**Court Division**: (Select One)

_X_ Miami    ___ Key West
___ FTL    ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) _____ No _____
   List language and/or dialect _____

4. This case will take _12_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | ____ | Petty | ____ | |
   | II | 6 to 10 days | ____ | Minor | ____ | |
   | III | 11 to 20 days | _X_ | Misdem. | ____ | |
   | IV | 21 to 60 days | ____ | Felony | _X_ | |
   | V | 61 days and over | ____ | | | |

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____        Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?        (Yes or No) _____ No _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____        District of _____

   Is this a potential death penalty case? (Yes or No) _____ No _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes __ No    If yes, was it pending in the Central Region? _X_ Yes __ No

8. Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

ERIC I. BUSTILLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 831093

*Penalty Sheet(s) attached                                        REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

02-20637-CR-MOORE

Defendant's Name: <u>DOUGLAS RASBERRY</u>     Case No:_____

Count: 1                                    MAGISTRATE JUDGE
                                              O'SULLIVAN
<u>Conspiracy</u>_____

<u>18 U.S.C. § 371</u>_____

*Max. Penalty: 5 years of imprisonment
===============================================================
Counts: 2-6

<u>Wire Fraud</u>_____

<u>18 U.S.C. §§ 1343 & 1346</u>_____

*Max. Penalty: 5 years of imprisonment
===============================================================
Count: 7

<u>Mail Fraud</u>_____

<u>18 U.S.C. §§ 1341 & 1346</u>_____

*Max. Penalty: 5 years of imprisonment
===============================================================
Count: 8

<u>Securities Fraud</u>_____

<u>15 U.S.C. §§ 78j(b) & 78ff(a)</u>_____

*Max. Penalty: 10 years of imprisonment
===============================================================
Count: 9

<u>Money Laundering</u>_____

<u>18 U.S.C. § 1956(a)(2)(A)</u>_____

*Max. Penalty: 20 years of imprisonment
===============================================================
     *Refers only to possible term of incarceration, does not
     include possible fines, restitution, special assessments,
     parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

**02-20637CR-MOORE**

MAGISTRATE JUDGE
O'SULLIVAN

**Defendant's Name:** MICHAEL VLAHOVIC    **Case No:** _____

Count: 1

Conspiracy

18 U.S.C. § 371

**\*Max. Penalty:** 5 years of imprisonment
=================================================================
Counts: 2-6

Wire Fraud

18 U.S.C. §§ 1343 & 1346

**\*Max. Penalty:** 5 years of imprisonment
=================================================================
Count: 7

Mail Fraud

18 U.S.C. §§ 1341 & 1346

**\*Max. Penalty:** 5 years of imprisonment
=================================================================
Count: 8

Securities Fraud

15 U.S.C. §§ 78j(b) & 78ff(a)

**\*Max. Penalty:** 10 years of imprisonment
=================================================================
Count: 9

Money Laundering

18 U.S.C. § 1956 (a)(2)(A)

**\*Max. Penalty:** 20 years of imprisonment
=================================================================
        **\*Refers only to possible term of incarceration, does not
        include possible fines, restitution, special assessments,
        parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

**02-20637 CR-MOORE**

**MAGISTRATE JUDGE**
**O'SULLIVAN**

**Defendant's Name:** LAWRENCE W. GALLO    **Case No:**_____

**Count:** 1

Conspiracy_____

18 U.S.C. § 371_____

**\*Max. Penalty:** 5 years of imprisonment
=====================================================================
Count:


_____


_____

**\*Max. Penalty:**
=====================================================================
Count:


_____


_____

**\*Max. Penalty:**
=====================================================================
Count:


_____


_____

**\*Max. Penalty:**
=====================================================================
Count:


_____


_____

**\*Max. Penalty:**
=====================================================================
       **\*Refers only to possible term of incarceration, does not
       include possible fines, restitution, special assessments,
       parole terms, or forfeitures that may be applicable.**