**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROBERT C. HEINEMANN
CLERK OF COURT
BROOKLYN OFFICE
225 CADMAN PLAZA, EAST
BROOKLYN, N.Y. 11201

02-20637-cr Moore

August 14, 2002

FILED by _____ D.C.
MAG. SEC.

AUG 21 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

TO:   U.S. District Court,
      Carlos K. Juenke, Clerk
      Southern District of Florida
      Federal Courthouse Square
      301 North Miami Avenue
      Miami, FL 33128

**RE:   UNITED STATES vs. Lawrence M. Gallo**
**MAGISTRATE DOCKET # 02-M-1436**

Dear Sir:

Enclosed, please find a certified copies of our entire file and docket sheet in the above captioned Rule 40 Removal proceeding.

Please acknowledge receipt of the above-referenced documents by signing below, where indicated, and returning a copy of this letter to this office.

Respectfully,

Robert C. Heinemann
Clerk of Court
By: Kassandra Perez
    Kassandra L. Perez
    Magistrate Clerical

RECEIPT ACKNOWLEDGED
Carlos K. Juenke, Clerk
By_____

A TRUE COPY
ATTEST
DATED 8/14 20 02
ROBERT C. HEINEMANN
CLERK
BY Kassandra Perez

15

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

### INITIAL APPEARANCE CALENDAR

02-1436M    02-1436M

1)  Magistrate Case Number: _____

2)  Defendant's Name: ___Gallo, Lawrence_____
        (Last)          (First)          (M.I.)

3)  Age: _____

4)  Title: _____ Section(s): _____

5)  Citizen of: _____ Needs: _____ Interpreter

6)  Arrest Warrant Issued: _____ Date and time of arrest: _____

(Items 1-6 to be completed by AUSA/Arresting Officer)

7)  Removal Proceeding: ✓Yes ___No   Other District: __S.D. of Florida__

8)  Name of Interpreter used today: _____ Language: _____

9)  Arraignment on complaint held: ✓Yes ___No   Date/Time: __8|13|02__

10) Detention Hearing Held: ___ Bail set at: __$300,000__ ROR Entered: ___ POD Entered: ___

11) Temporary Order of Detention Entered: ___   Bail Hearing set for: _____

12) (a) Preliminary Hearing set for: _____; or waived: _____

    (b) Removal Hearing set for: _____; or waived: ✓_____

    (c) Status Conference set for: _____

13) ASSISTANT U.S. ATTORNEY: __Ken Breen__

14) DEFENSE COUNSEL'S NAME: _____ __Donna Newman__
        Address: _____
        Bar Code: _____ CJA: ✓ PDA: ___ RET: ___
        Telephone Number: (___) _____

15) ESR Tape #: __02/201 (3467-388)__

16) Other Comments/Rulings: __Suretee advised of the obligations__
    __of signing the bond. Deft given bail warnings.__

17) Complaint/Affidavit/Indictment unsealed: ___Yes ___No

    SO ORDERED ON THIS _____ DAY OF _____

    _____
    UNITED STATES MAGISTRATE JUDGE

A TRUE COPY
ATTEST
DATED 8/14 20 02
ROBERT C. HEINEMANN
                    CLERK
Cassandra Perez
DEPUTY CLERK

United States District Court
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS |
| --- | --- |
| V. | OF RELEASE AND BOND |

Lawrence Gallo

**Defendant**

Case No.: 02n1143b

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, **subject to the Standard Conditions of Bond on the reverse** and:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[ ] Upon **Unsecured Bond** executed by defendant in the amount of $_____, or

[ ✓ ] Upon **Secured Appearance Bond** as provided herein.        $300,000

#### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[ ✓ ] 1.  The defendant must remain in and may not leave the following areas without Court permission: New York State + Florida

[ ] 2.  The defendant shall avoid all contact and not associate with any of the following persons or entities: _____

[ ] 3.  The defendant shall avoid and not go to any of the following locations: _____

[ ✓ ] 4.  The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[ ✓ ] 5.  Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and

    [ ] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;

    [ ✓ ] must report to that agency ( ) in person_____ times per _____ and/or ( ) by telephone ___1___ times per week;

    [ ] is subject to home detention with electronic monitoring with the following conditions:_____

    [ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.

    [ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[ ] 6.  Other Conditions: Appear before On August 20, 2002 before the Duty Magistrate in the Southern District of Florida

#### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $300,000. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____

[ ✓ ] premises located at: 130 91st St, Bklyn NY 11209 owned by Richard Leto

[ ] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____

[ ] Other Conditions: _____

_Richard Leto_ Surety    Address: 130-91 Street, Bklyn

_____ Surety    Address: _____

_____ Surety    Address: _____

A TRUE COPY
ATTEST 08/07/14 20 12
ROBERT C. HEINEMANN
CLERK
BY _Cassandre Vera_
DEPUTY CLERK

**The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2).** This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. **I am aware of the penalties and sanctions set forth on the reverse of this form.**

_____
Signature of Defendant

Release of the Defendant is hereby ordered on Aug. 13, 2002

_____ USMJ

Distribution:   White - Original      Canary - Courtroom Deputy      Pink - Pretrial Services      Goldenrod - Defendant

CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE EDNY | 2. PERSON REPRESENTED LAWRENCE GALO | | VOUCHER NUMBER |
|---|---|---|---|

| 3. MAG. DKT./DEF. NUMBER 02-M-1436 | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF (Case Name) U.S.A. V. GALO | 8. PAYMENT CATEGORY X Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☐ Appeal | 9. TYPE PERSON REPRESENTED X Adult Defendant ☐ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other _grand jury witness_ | 10. REPRESENTATION TYPE (See Instructions) CC |
|---|---|---|---|

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

Removal to Southern District of Florida

| 12. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS | 13. COURT ORDER |
|---|---|
| DONNA NEWMAN 121 WEST 27ᵀᴴ STREET SUITE 1103 NEW YORK, NY 10001 Telephone Number : (212) 229-1516 | X O Appointing Counsel ☐ C Co-Counsel ☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney ☐ P Subs For Panel Attorney ☐ Y Standby Counsel Prior Attorney's Appointment ☐ Because the above-named person represented has testified under oath or has satisfied this Court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, OR ☐ Other (See Instructions) |

14. NAME AND MAILING ADDRESS OF LAW FIRM (Only provide per instructions)

Signature of Presiding Judicial Officer or By Order of the Court

8/13/02 | 8/13/02
Date of Order | Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at appointment. ☐ YES ☐ NO

## CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH. ADJUSTED HOURS | MATH/TECH. ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| In | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (RATE PER HOUR = $ ) TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| | b. Obtaining and reviewing records | | | | | |
| Out of | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and other work (Specify on additional sheets) | | | | | |
| | (RATE PER HOUR = $ ) TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |
| | GRAND TOTALS (CLAIMED AND ADJUSTED) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM: TO: | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

| 22. CLAIM STATUS ☐ Final Payment ☐ Interim Payment Number ☐ Supplemental Payment |
|---|
| Have you previously applied to the court for compensation and/or reimbursement for this ☐ YES ☐ NO If yes were you paid? ☐ YES ☐ NO Other than from the Court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? ☐ YES ☐ NO If yes, give details on additional sheets. I swear or affirm the truth or correctness of the above statements. Signature of Attorney |

A TRUE COPY
ATTEST
ROBERT C. HEINEMANN
CLERK
BY Kassandra Perez

## APPROVED FOR PAYMENT / COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR./CERT. |
|---|---|---|---|---|

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE/MAG. JUDGE CODE |
|---|---|---|

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|

AO 466 (Rev. 9/92) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

_FASTERN_ _____ DISTRICT OF _____ _NEW YORK_

UNITED STATES OF AMERICA

V.

Lawrence Gallo

**WAIVER OF RULE 40 HEARINGS**
**(Excluding Probation Cases)**

CASE NUMBER: 02M1436

I, _____Lawrence Gallo_____, understand that in the

___Southern_____ District of ___Florida___, charges are pending

alleging violation of ____18 U.S.C. Sec. 371____ and that I have been

arrested in this District and taken before a United States Magistrate Judge who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(  ) identity hearing

(  ) preliminary examination

( ✓ ) identity hearing and have been informed I have no right to a preliminary examination

(  ) identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

A TRUE COPY
ATTEST
DATED 8/14 20 02
ROBERT C. HEINEMANN
CLERK
Cassandre Perez
DEPUTY CLERK

_____
Defendant

8/13/02
_____
Date

_____
Defense Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 02-20637-CR-MOORE

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DOUGLAS RASBERRY,

      Defendant.

_____/

## NOTICE OF APPEARANCE

    COMES NOW STEVE ROSSI, ESQUIRE, a member of the Bar of this Court in good standing, and enters this his Notice of Appearance as counsel for the above-named Defendant, DOUGLAS RASBERRY.

    Pursuant to Local Rule 88.7, entitled Retained Criminal Defense Attorneys, the Court is advised that this appearance is for trial only.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by first-class United States mail, postage pre-paid, to Eric Bustillo, Esquire, Assistant United States Attorney, United States Attorney's Office, 99 N.E. 4th Street, Miami, FL 33132-2111, this ___ day of August, 2002.

                    Respectfully submitted,

                    LAW OFFICES OF
                    BRAVERMAN AND ROSSI
                    Attorneys for Defendant
                    625 N.E. 3rd Avenue
                    Ft. Lauderdale, FL 33304
                    (954) 524-0305, ext. 203

By:      _____
                    STEVE ROSSI, ESQ.
                    Fla. Bar No. 0745898

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-20637-CR-MOORE

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

DOUGLAS RASPBERRY

                    Defendant.

_____/

## NOTICE OF APPEARANCE

COMES NOW BRUCE H. FLEISHER, ESQUIRE, a member of the Bar of this Court in good standing and enters this his **Notice of Appearance** as **co-counsel** for the above named Defendant DOUGLAS RASPBERRY.

Pursuant to Local Rule 88.7, entitled **Retained Criminal Defense Attorney**, the Court is advised that this appearance is for **trial** only.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and accurate copy of this foregoing Motion was furnished via U.S. Mail  this 19<u>th</u> day of August, 2002 to: Eric Bustillo, Esquire, Assistant United States Attorney, United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132-2111 and Steve Rossi, Esquire, 625 N.E. 3rd Avenue, Fort Lauderdale, Florida 33304-2617.

Respectfully submitted,

BRUCE H. FLEISHER, P.A.
Bayview Plaza
3225 Aviation Avenue
Suite 300
Coconut Grove, Florida 33133
Office: (305) 859-7999
Facsimile: (305) 285-0699

By: _____
BRUCE H. FLEISHER, ESQUIRE
Florida Bar No.: 166952

CLOSED

U.S. District Court
New York Eastern (Brooklyn)

CRIMINAL DOCKET FOR CASE #: 02-M -1436-ALL

USA v. Gallo                                              Filed: 08/14/02
Dkt# in other court: None

Case Assigned to: Magistrate A. Simon Chrein

LAWRENCE W. GALLO (1)                    Donna R. Newman
        defendant                        [COR LD NTC cja]
                                         121 West 27th Street
                                         Suite 1103
                                         New York, NY 10001
                                         (212) 229-1516


Pending Counts:

    NONE


Terminated Counts:

    NONE



Complaints                          Disposition

Removal to Southern District
of Florida



U. S. Attorneys:

    NONE




Docket as of August 14, 2002 12:19 pm                 Page 1

Proceedings include all events.
1:02m 1436-ALL USA v. Gallo                                    CLOSED

8/13/02   --     ARREST of Lawrence W. Gallo (kp) [Entry date 08/14/02]

8/13/02   2      Magistrate Arraignment as to Lawrence W. Gallo  held before
                 Judge Chrein. AUSA Ken Breen. Tape #02/201(3467-3888)
                 Removal to Southern District of Florida. (Defendant
                 informed of rights.) (kp) [Entry date 08/14/02]

8/13/02   3      Secured Appearance BOND entered by Lawrence W. Gallo in
                 Amount $ 300,000 ( Signed by Magistrate A. S. Chrein ,
                 dated 8/13/02) (kp) [Entry date 08/14/02]

8/13/02   4      CJA 20 as to Lawrence W. Gallo : Appointment of Attorney
                 Donna R. Newman  ( Signed by Magistrate A. S. Chrein ,
                 Dated 8/13/02) (kp) [Entry date 08/14/02]

8/13/02   5      WAIVER of Rule 40 Hearings by Lawrence W. Gallo (kp)
                 [Entry date 08/14/02]

8/13/02   --     RULE 40 transfer  to District of Southern Florida
                 certified copy of file and docket sheet    sent on 8/13/02
                 (kp) [Entry date 08/14/02]

8/14/02   1      COMPLAINT as to Lawrence W. Gallo (kp) [Entry date 08/14/02]

Docket as of August 14, 2002 12:19 pm                Page 2

02-1436M

AJH:KMB
GALLO.REM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

LAWRENCE W. GALLO,

         Defendant.

- - - - - - - - - - - - - - - -X

REMOVAL TO THE SOUTHERN
DISTRICT OF FLORIDA

(Fed. R. Crim. P. 40)

A TRUE COPY
ATTEST
DATED 8/14 20 02
ROBERT C. HEINEMANN
BY Cassandra Perez
CLERK
DEPUTY CLERK

EASTERN DISTRICT OF NEW YORK, SS:

         KURT DENGLER, being duly sworn, deposes and says that
he is a Special Agent with the Federal Bureau of Investigation
("FBI"), duly appointed according to law and acting as such.

         Upon information and belief, on or about July 30, 2002,
an arrest warrant was issued by the United States District Court
for the Southern District of Florida for the defendant LAWRENCE
W. GALLO, after he was indicted by a grand jury there, on or
about July 30, 2002, for mail fraud, in violation of Title 18,
United States Code, Section 1343, wire fraud, in violation of
Title 18, United States Code, Section 1341, securities fraud, in
violation of Title 5, United States Code, Sections 78(j) and
78ff, conspiracy to commit securities, mail and wire fraud, in
violation of Title 18, United States Code, Section 371, and money
laundering, in violation of Title 18, United States Code, Section
1956(a)(2)(A).

The sources of your deponent's information and the grounds for your deponent's belief are as follows:

1.   A copy of the Warrant for Arrest, dated July 30, 2002, is attached to this affidavit and incorporated by reference.  The arrest warrant was issued in the Southern District of Florida for the defendant LAWRENCE W. GALLO, after he was indicted by a grand jury there, on or about July 30, 2002, for wire fraud, mail fraud, securities fraud, conspiracy to commit wire, mail and securities fraud, and money laundering.  A copy of the Indictment is attached to this affidavit and incorporated by reference.

2.   On August 13, 2002, the undersigned and other FBI Special Agents arrested the defendant LAWRENCE W. GALLO at his home in Brooklyn.  At the time of his arrest, the defendant acknowledged that his name is Lawrence W. Gallo and asked whether his arrest had anything to do with "Raspberry."  Douglas Raspberry is charged together with the defendant in the indictment.

3

WHEREFORE, I respectfully request that the defendant LAWRENCE W. GALLO be dealt with according to law.

KURT DENGLER
Special Agent
Federal Bureau of Investigation

Sworn to before me this
13th day of August 2002

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

FBI 679443

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

UNITED STATES OF AMERICA

**WARRANT FOR ARREST**

V.

DOUG RASBERRY,
MICHAEL VLAHOVIC, and
LAWRENCE B. GALLO

# 02-20637 cr-moore

CASE NUMBER:

MAGISTRATE JUDGE
O'SULLIVAN

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ LAWRENCE B. GALLO
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense)
CONSPIRACY TO COMMIT WIRE, MAIL AND SECURITIES FRAUD

RECEIVED
UNITED STATES MARSHAL
2002 JUL 31 PM 12: 20
SOUTHERN DISTRICT OF
FLORIDA
WARRANTS

in violation of Title ____ 18 ____ United States Code, Section(s) ____ 371 ____

Clarence Maddox
Name of Issuing Officer

Court Administrator • Clerk of Court
Title of Issuing Officer

Signature of Issuing Officer

07/30/02, Miami, FL
Date and Location

Bail fixed at $ 200,000. PSB by _____ STEPHEN T. BROWN
Name of Judicial Officer

---

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 02-20637 CR-MOORE

CASE NO._____

18 U.S.C. § 1956(a)(2)(A)
18 U.S.C. § 1346
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 371
18 U.S.C. § 2
15 U.S.C. § 78j(b)
17 C.F.R. § 240.10b-5

MAGISTRATE JUDGE
O'SULLIVAN



UNITED STATES OF AMERICA  )
                          )
v.                        )
                          )
DOUGLAS RASBERRY,         )
  a/k/a "Doug Rasberry,"  )
MICHAEL VLAHOVIC          )
and                       )
LAWRENCE W. GALLO,        )
                          )
            Defendants.   )
_____)

**INDICTMENT**

The Grand Jury charges that:

## COUNT 1

## CONSPIRACY TO COMMIT WIRE, MAIL AND SECURITIES FRAUD

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.      Uncommon Media Group, Inc. ("UMDA") was a Florida corporation with its

principal place of business in New York, New York. The common stock of UMDA was publicly

traded in the United States on the over-the-counter market. UMDA was purportedly in the business

of providing "Crossover Media" solutions and services to traditional advertisers, consumers and

suppliers by using a combination of new economy tools, software and real-time Internet interaction.

2.     UMDA was an over-the-counter bulletin board ("OTCBB") stock with approximately 30 million outstanding shares. The OTCBB is a market for equity securities traded over-the-counter that are neither listed on NASDAQ nor on a primary national securities exchange.

3.     Defendant **DOUGLAS RASBERRY** owned and controlled a significant amount of UMDA stock through offshore corporate nominees.

4.     Defendant **MICHAEL VLAHOVIC** owned and controlled a significant amount of UMDA stock through offshore corporate nominees.

5.     Defendant **LAWRENCE W. GALLO** was Chairman, Chief Executive Officer and Director of UMDA. He was also a significant shareholder of UMDA.

6.     An agent of the Federal Bureau of Investigation, acting in an undercover capacity (the "UCA"), posed as a corrupt securities trader employed by Connelly & Williams Associates, Inc. ("Connelly & Williams"), the United States-based representative of a fictitious foreign mutual fund ("the Fund") that had a number of investors who had invested millions of dollars. In his role as an undercover agent, the UCA claimed that he worked at Connelly & Williams with two due diligence officers whose job was to research and approve which securities the UCA would be allowed to purchase through Connelly & Williams on behalf of the Fund's investors. The UCA also claimed that a purported manager of the Fund was corrupt and had knowledge of the UCA's corrupt activities concerning the Fund.

7.     Two cooperating witnesses (collectively, the "CWs") also assisted in the undercover operation, posing as corrupt stock promoters who presented prospective stock purchase deals to the Fund through the UCA.

## THE CONSPIRACY

8.     From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

2

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**MICHAEL VLAHOVIC**
**and**
**LAWRENCE W. GALLO,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

        a.     wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346;

        b.     mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1346; and

        c.     securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSES AND OBJECTS OF THE CONSPIRACY

    9.     It was the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the Fund through paying undisclosed kickbacks to the UCA, CWs, a purported corrupt Fund manager and two purported due diligence officers of Connelly & Williams, in exchange for their causing the Fund to purchase a large amount of overpriced UMDA stock from the defendants. It was also the purpose and object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the public shareholders of UMDA by artificially affecting the supply and demand for UMDA stock in order to inflate the market price of such stock through illegal means.

3

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects of the conspiracy included, among others, the following:

10.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to pay undisclosed kickbacks to the UCA and others at the Fund to violate their fiduciary obligations by buying a large amount of overpriced UMDA stock from the defendants with the Fund's money.

11.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to pay 45% of the purchase price as an undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund to induce the Fund to purchase approximately $8,000,000 to $10,000,000 of overpriced UMDA stock rather than shares of another company's stock.

12.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to sell approximately 2,000,000 - 2,500,000 shares of UMDA stock at $4.00/share (totaling $8,000,000-$10,000,000) to Connelly & Williams, on behalf of the Fund. At the time, the prevailing market price of UMDA stock was approximately $2.60/share. The source of the UMDA shares was to be various nominee offshore companies controlled by defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC**. The Fund was to purchase these shares in three separate transactions.

13.     Defendants **DOUGLAS RASBERRY, MICHAEL VLAHOVIC** and **LAWRENCE W. GALLO** agreed to arrange for the UCA, CWs and a purported corrupt manager of the Fund to receive 45% of the $8,000,000 to $10,000,000 in proceeds from the Fund's UMDA stock purchase, representing the agreed to undisclosed kickback portion of the proceeds from the UMDA stock deal.

14.     Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to enlist

4

securities brokers, through the CWs and the UCA, to assist in artificially increasing the market price of UMDA stock by making illegal payments to securities brokers who would recommend and sell shares of UMDA stock to their customers rather than shares of another company's stock.

15.    Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to provide defendant **LAWRENCE W. GALLO** with a portion of their proceeds from the sale of their UMDA shares to the Fund to be used by defendant **LAWRENCE W. GALLO** for UMDA corporate purposes, as well as for his personal benefit.

16.    Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to complete a "test" trade of a smaller amount of UMDA stock in order to get UMDA placed on the Fund's list of stocks approved for purchase, which then would allow the UCA to execute the larger $8,000,000 to $10,000,000 UMDA stock trade at a later date.

17.    As part of this "test" trade, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to sell to the Fund, through a Connelly & Williams securities brokerage account, 7,600 shares of UMDA stock at $2.60/share (totaling $19,760), and send an undisclosed kickback payment of $20,000 to the UCA for further transfer to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

18.    On or about December 12, 2000, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** proposed to the UCA and CWs that the Fund purchase approximately 2,000,000 - 2,500,000 shares of UMDA stock at a total cost of

5

approximately $8,000,000 to $10,000,000, in exchange for payment of an undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund totaling approximately 45% of the purchase price. Defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** also proposed enlisting securities brokers to assist in artificially increasing the market price of UMDA stock by making illegal payments to securities brokers who would recommend and sell shares of UMDA stock to their customers rather than shares of another company's stock.

19.    On or about December 18, 2000, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** proposed to the UCA and CWs that securities brokers commence the manipulation of the market price of UMDA stock prior to the Fund's large purchase of UMDA shares.

20.    On or about January 2, 2001, defendant **DOUGLAS RASBERRY** met with the UCA and CWs to discuss all aspects of the UMDA stock purchase deal by the Fund, including the enlisting of securities brokers who were to artificially affect the supply and demand for UMDA stock in order to inflate the market price of such stock through illegal means.

21.    On or about January 8, 2001, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** placed an international telephone call to the UCA and CWs during which they agreed to send to the UCA and CWs two (2) UMDA stock certificates representing 50,000 shares each to be used to illegally pay off securities brokers for manipulating the market price of UMDA stock.

22.    On or about January 16, 2001, during an international telephone call, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** agreed to perform a "test" trade involving the Fund's purchase of 7,600 shares of UMDA stock at $2.60/share and the subsequent undisclosed kickback payment of $20,000 to the UCA for further transfer to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

6

23.     On or about January 17, 2001, defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** wire-transferred $20,000 to a bank account of the UCA which represented the undisclosed kickback payment, in connection with the "test" trade, to be provided to the two purported due diligence officers of Connelly & Williams in exchange for their placing UMDA stock on the Fund's list of stocks approved for purchase.

24.     On or about January 18, 2001, during an interstate telephone call, defendant **LAWRENCE W. GALLO** discussed with  the UCA and CWs the Fund's purchase of approximately $8,000,000 to $10,000,000 of UMDA stock from defendants **DOUGLAS RASBERRY** and **MICHAEL VLAHOVIC** in exchange for payment of a 45% undisclosed kickback to the UCA, CWs and a purported corrupt manager of the Fund. Defendant **LAWRENCE W. GALLO** confirmed his knowledge and approval of this transaction and advised that he had an agreement with defendant **DOUGLAS RASBERRY** pursuant to which defendant **DOUGLAS RASBERRY** was to provide him with a portion of the proceeds from the UMDA stock sale to the Fund to be used by defendant **LAWRENCE B. GALLO** for UMDA corporate purposes, and for his own personal benefit.  Defendant **LAWRENCE B. GALLO** agreed to make sure that the undisclosed kickback payment to the UCA was promptly remitted after the Fund's purchase of the UMDA stock.

25.     The wire communications, as set forth in Counts 2  through 6 of this Indictment, the mailing, as set forth in Count 7 of this Indictment, the securities transaction, as set forth in Count 8 of this Indictment, and the money laundering transaction, as set forth in Count 9 of this Indictment, are incorporated herein and realleged as though restated as individual overt acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

7

## COUNTS 2-6

### WIRE FRAUD

1.      The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

3.      On or about the dates specified as to each count, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described in each count below:

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|-------|--------------|--------|-------------|-----------------------------------|
| 2 | 1/16/01 | Canada | Boca Raton, Florida | Fax copy of DTC Weekly Security Position Listing for week ending 1/12/01 for UMDA stock |

| COUNT | APPROX. DATE | ORIGIN | DESTINATION | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|---|---|
| 3 | 1/16/01 | Boca Raton, Florida | Canada | Fax copy of UCA's bank account wire transfer instructions |
| 4 | 1/16/01 | Canada | Boca Raton, Florida | Fax copy of defendants' request to wire transfer $20,000 undisclosed kickback to the UCA's bank account |
| 5 | 1/17/01 | Canada | Miami, Florida | Bank wire-transfer of $20,000 "test" trade undisclosed kickback to the UCA's bank account |
| 6 | 1/23/01 | Canada | Boca Raton, Florida | Fax copy of DTC Weekly Security Position Listing for week ending 1/19/01 for UMDA stock |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

## COUNT 7

## MAIL FRAUD

1.      The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From in or about November 2000, to in or about May 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
a/k/a "Doug Rasberry,"
**and**
**MICHAEL VLAHOVIC,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property from others by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false when made.

9

3.     On or about January 12, 2001, the defendants, for the purpose of executing the aforesaid scheme and artifice to defraud and deprive others of the intangible right of honest services, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly cause to be delivered to the UCA in Boca Raton, Florida, by private and commercial interstate carrier, that is, FedEx, according to the directions thereon, two (2) stock certificates numbers 1259 and 1260 for 50,000 shares of Uncommon Media Group, Inc. each in the name of "Michael Patterson," the UCA's undercover name.

All in violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT 8

## SECURITIES FRAUD

1.     The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or about November 2000, to in or about January 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
a/k/a "Doug Rasberry,"
and
**MICHAEL VLAHOVIC,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is, 7,600 shares of stock in Uncommon Media Group, Inc. (UMDA) to "Connelly & Williams Associates, Inc.," and did (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the

10

statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

## COUNT 9

## MONEY LAUNDERING

## INTERNATIONAL TRANSPORTATION OF MONETARY INSTRUMENTS

1.     The allegations of paragraphs 1 through 7 and 10 through 25 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about January 17, 2001, at Miami-Dade County and Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**DOUGLAS RASBERRY,**
**a/k/a "Doug Rasberry,"**
**and**
**MICHAEL VLAHOVIC,**

did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds, that is, a $20,000 bank wire-transfer, from a place outside the United States, that is, Canada, to a place in the United States, that is, Miami, Florida, with the intent to promote the carrying on of specified unlawful activity, specifically, wire and mail fraud, in violation of Title 18, United States Code, Sections 1343, 1341 and 1346, and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

11

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

ERIC I. BUSTILLO
ASSISTANT UNITED STATES ATTORNEY

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**CASE NO.** 02-20637CR-MOORE

v.

**CERTIFICATE OF TRIAL ATTORNEY** MAGISTRATE JUDGE O'SULLIVAN

**DOUGLAS RASBERRY, et al.,**

_____/

**Superseding Case Information:**

New Defendant(s)     Yes _____     No _____
Number of New Defendants _____
Total number of counts _____

**Court Division:** (Select One)

_X_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:          (Yes or No) ____No____
    List language and/or dialect _____

4.  This case will take _12_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                 (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | ____ | Petty | ____ |
    | II | 6 to 10 days | ____ | Minor | ____ |
    | III | 11 to 20 days | _X_ | Misdem. | ____ |
    | IV | 21 to 60 days | ____ | Felony | _X_ |
    | V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No) ____No____
    If yes:
    Judge: _____     Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter?     (Yes or No) _____No_____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____     District of _____

    Is this a potential death penalty case? (Yes or No) _____No_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No    If yes, was it pending in the Central Region? _X_ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

ERIC I. BUSTILLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 831093

*Penalty Sheet(s) attached

REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

02 20637 cr-MOORE

Defendant's Name: DOUGLAS RASBERRY      Case No: _____

Count: 1

MAGISTRATE JUDGE
O'SULLIVAN

Conspiracy

18 U.S.C. § 371

*Max. Penalty: 5 years of imprisonment
===============================================================
Counts: 2-6

Wire Fraud

18 U.S.C. §§ 1343 & 1346

*Max. Penalty: 5 years of imprisonment
===============================================================
Count: 7

Mail Fraud

18 U.S.C. §§ 1341 & 1346

*Max. Penalty: 5 years of imprisonment
===============================================================
Count: 8

Securities Fraud

15 U.S.C. §§ 78j(b) & 78ff(a)

*Max. Penalty: 10 years of imprisonment
===============================================================
Count: 9

Money Laundering

18 U.S.C. § 1956(a)(2)(A)

*Max. Penalty: 20 years of imprisonment
===============================================================
        *Refers only to possible term of incarceration, does not
    include possible fines, restitution, special assessments,
    parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

02-20637cr-MOORE

Defendant's Name: <u>MICHAEL VLAHOVIC</u>    Case No:_____

MAGISTRATE JUDGE
O'SULLIVAN

Count: 1

<u>Conspiracy</u>

<u>18 U.S.C. § 371</u>

*Max. Penalty: 5 years of imprisonment
================================================================
Counts: 2-6

<u>Wire Fraud</u>

<u>18 U.S.C. §§ 1343 & 1346</u>

*Max. Penalty: 5 years of imprisonment
================================================================
Count: 7

<u>Mail Fraud</u>

<u>18 U.S.C. §§ 1341 & 1346</u>

*Max. Penalty: 5 years of imprisonment
================================================================
Count: 8

<u>Securities Fraud</u>

<u>15 U.S.C. §§ 78j(b) & 78ff(a)</u>

*Max. Penalty: 10 years of imprisonment
================================================================
Count: 9

<u>Money Laundering</u>

<u>18 U.S.C. § 1956 (a)(2)(A)</u>

*Max. Penalty: 20 years of imprisonment
================================================================
        *Refers only to possible term of incarceration, does not
    include possible fines, restitution, special assessments,
    parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

02-20637 CR-MOORE

Defendant's Name: LAWRENCE W. GALLO      Case No: _____

Count: 1
MAGISTRATE JUDGE
O'SULLIVAN

Conspiracy _____

18 U.S.C. § 371 _____

*Max. Penalty: 5 years of imprisonment
===========================================================
Count:

_____

_____

*Max. Penalty:
===========================================================
Count:

_____

_____

*Max. Penalty:
===========================================================
Count:

_____

_____

*Max. Penalty:
===========================================================
Count:

_____

_____

*Max. Penalty:
===========================================================
        *Refers only to possible term of incarceration, does not
        include possible fines, restitution, special assessments,
        parole terms, or forfeitures that may be applicable.